IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SHERRY R. LEE**<br><br>and<br><br>**DAVID LEE**<br><br>    Plaintiffs,<br><br>v.<br><br>**WERNER ENTERPRISES, INC.**<br><br>and<br><br>**TARGET CORPORATION**<br><br>and<br><br>**LIPSEY LOGISTICS WORLDWIDE, LLC**<br><br>and<br><br>**HOT SHOT EXPEDITE, INC.**<br><br>and<br><br>**DORIN BRAGA**<br><br>    Defendants. | Case No.: 3:22-cv-00091<br><br>Judge James R. Knepp II<br><br>**FIRST AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**<br><br>Michael Jay Leizerman (0063945)<br>Joshua M Leizerman (0088359)<br>Andrew R. Young (0071543)<br>**The Law Firm for Truck Safety, LLP**<br>3450 W. Central Avenue, Suite 328<br>Toledo, OH 43606<br>Phone: (419) 243-1010<br>Facsimile: (419) 243-8200<br>michael@truckaccidents.com<br>joshua@truckaccidents.com<br>andy@truckaccidents.com<br><br>Jennifer N. Brown (0073696)<br>**Arthur Law Firm Co., LPA**<br>901 Ralston Avenue<br>Defiance, OH 43512<br>Phone: (419) 782-9881<br>Facsimile: (419) 782-4377<br>attorneys@arthurlawfirm.com<br>jbrown@arthurlawfirm.com<br><br>*Attorneys for Plaintiffs* |

Sherry Lee and David Lee file the following amended complaint.

**OVERVIEW**

On February 11, 2021, a Hot Shot Expedite, Inc. truck, hauling a Werner Enterprises, Inc. trailer, was driving behind Sherry Lee and rear ended her as she

was slowing down to turn in Emerald Township, Paulding County, Ohio. As a result, Sherry Lee is paralyzed from the waist down and has been rendered paraplegic.

## PARTIES

1. Plaintiff Sherry Lee is a domiciliary and citizen of the State of Ohio, residing in Defiance County.

2. Plaintiff David Lee is the husband of Sherry Lee and is a domiciliary and citizen of the State of Ohio, residing in Defiance County.

3. Defendant Werner Enterprises, Inc. ["Werner"] is a for-hire motor carrier operating commercial motor vehicles transportation property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 53467 and is a business entity organized and existing under the laws of the State of Nebraska with its principal place of business in Omaha, Nebraska. Defendant Werner has designated John Alden, Alden Law, located at 1160 Dublin Road, Suite 400, Columbus, Ohio 43215 as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

4. Defendant Target Corporation ("Target") is a business entity organized and existing under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. It regularly conducts business in the State of Ohio and its statutory agent for service of process in Ohio is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

5. Defendant Lipsey Logistics Worldwide, LLC ("Lipsey") is a business entity organized and existing under the laws of the State of Florida with its principal places of business in Chattanooga, Tennessee and Norcross, Georgia. Lipsey

2

contracted to have the load at issue shipped from Sauder Woodworking Co. in Archbold, Ohio to a Target distribution center in Wisconsin. Lipsey is registered with the Federal Motor Carrier Safety Administration (USDOT #: 2239676) and has designated Southern Ohio Legal Service, Inc., 952 Woodbriar Lane, Cincinnati, OH 45238, as its agent for service of process under 49 C.F.R. § 366.4(b). Upon information and belief, the members of Lipsey Logistics Worldwide, LLC are domiciliaries of the State of Colorado or the State of Tennessee. None are domiciliaries of the State of Ohio.

6. Defendant Hot Shot Expedite, Inc. is a for-hire motor carrier operating commercial motor vehicles transporting property in interstate commerce. It is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 3145332 and is a business entity organized and existing under the laws of the State of Illinois with its principal place of business in Schaumburg, Illinois. Defendant Hot Shot Expedite, Inc. has designated Eric Berry located at 5025 Arlington Centre Blvd., Suite 55, Columbus, Ohio 43220 as its agent for the purposes of service of process of this complaint under 49 C.F.R. §366.

7. Defendant Dorin Braga resides at 8770 N. Cumberland Avenue, Niles, Illinois 60714

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (that is, the collision) occurred in in Emerald Township, Paulding County, Ohio, which is located in this judicial district. This Court has subject matter and personal jurisdiction over the Defendants.

**FIRST CAUSE OF ACTION**
*Negligence of Defendant Dorin Braga*

10. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

11. On or about February 11, 2021, Defendant Dorin Braga was driving a commercial motor vehicle on U.S. 24 heading west in Emerald Township, Paulding County, Ohio.

12. At or about the same time, Sherry Lee was driving a vehicle directly in front of Defendant Dorin Braga on U.S. 24 heading west in Emerald Township, Paulding County, Ohio.

13. Sherry Lee was preparing to make a right turn onto County Road 143.

14. Defendant Dorin Braga failed to slow down and yield and rear-ended Sherry Lee.

15. Sherry Lee's vehicle continued off the north side of the roadway, striking a sign, then overturning and coming to rest on its right side.

16. Defendant Dorin Braga had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to identify other vehicles on the road, including the one in which Sherry Lee was driving.

17. Defendant Dorin Braga had a duty to abide by Ohio traffic laws including, but not limited to, O.R.C. § 4511.20 (willful or wanton disregard of the safety or persons or property) and § 4511.202 (operation without being in reasonable control of vehicle).

18. On February 11, 2021, Defendant Dorin Braga failed in the above-mentioned duties and is therefore negligent.

19. Defendant Dorin Braga's negligence was the direct and proximate cause of Sherry Lee's injuries, including but not limited to:

    i) Complete lesion of T-7 to T-10 spinal cord, resulting in complete loss of sensory and motor function below that level,

    ii) multiple pelvic fractures,

    iii) subdural hemorrhage,

    iv) spleen laceration,

    v) multiple rib fractures, and

    vi) multiple vertebral fractures.

20. Defendant Dorin Braga's actions demonstrate a conscious disregard for the rights and safety of Sherry Lee and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Dorin Braga.



## SECOND CAUSE OF ACTION
*Negligence of Defendant Werner Enterprises, Inc.*

21. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

22. Upon information and belief, Defendant Werner owned the trailer involved in this crash.

23. Defendant Werner had a general duty to exercise reasonable care in all its actions and omissions.

24. Defendant Werner had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Dorin Braga, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

6

25. Defendant Werner had a duty to exercise reasonable care in entrusting its trailer to responsible, competent and qualified drivers.

26. Defendant Werner had a duty to exercise reasonable care in hiring or contracting with Defendant Hot Shot Expedite, Inc.

27. Defendant Werner failed in the above-mentioned duties and was therefore negligent.

28. Defendant Werner's negligence was the direct and proximate cause of the injuries of Sherry Lee, and the damages described in this Complaint.

29. Defendant Werner's actions demonstrate a conscious disregard for the rights and safety of Sherry Lee and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Werner.

### THIRD CAUSE OF ACTION
*Vicarious Liability of Defendant Werner Enterprises, Inc.*

30. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

31. At all relevant times, Defendant Dorin Braga was the employee, agent, servant, or independent contractor for Defendant Werner Accordingly, Defendant Werner is vicariously liable for the acts of Defendant Dorin Braga described in the causes of action above.

32. At all relevant times, Defendant Hot Shot Expedite was the agent of Defendant Werner. Accordingly, Defendant Werner is vicariously liable for the acts of Defendant Dorin Braga described in the causes of action above.



**FOURTH CAUSE OF ACTION**
*Vicarious Liability of Defendant Hot Shot Expedite, Inc.*

33. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

34. At all relevant times, Defendant Dorin Braga was the employee, agent, servant, or independent contractor for Defendant Hot Shot Expedite, Inc. Accordingly, Defendant Hot Shot Expedite, Inc. is vicariously liable for the acts of Defendant Dorin Braga described in the causes of action above.

35. Regardless of the employment or agency relationship, Defendant Hot Shot Expedite, Inc. is an interstate motor carrier and the registered owner of the

USDOT number 3145332 displayed on the semi involved in this collision and is therefore responsible for the acts of the defendant driver.

### FIFTH CAUSE OF ACTION
*Negligence of Defendant Hot Shot Expedite, Inc.*

36. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

37. Defendant Hot Shot Expedite, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Dorin Braga, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant Hot Shot Expedite, Inc. had a duty to exercise reasonable care in all of its actions and omissions.

38. Defendant Hot Shot Expedite, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

39. Defendant Hot Shot Expedite, Inc. failed in the above-mentioned duties and was therefore negligent.

40. Defendant Hot Shot Expedite, Inc.'s negligence was the direct and proximate cause of the injuries of Sherry Lee, and the damages described in this Complaint.

41. Defendant Hot Shot Expedite, Inc.'s actions demonstrate a conscious disregard for the rights and safety of Sherry Lee and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of

its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Hot Shot Expedite, Inc.

## SIXTH CAUSE OF ACTION
*Vicarious Liability of Defendant Lipsey Logistics Worldwide, LLC.*

42. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

43. Defendant Lipsey had the right to control the manner of work performed, the right to discharge, the method of payment, and/or the level of skill involved, among other things, with respect to Defendants Hot Shot Expedite, Inc., Werner, and the transportation of this load.

44. At all times relevant, Defendant Lipsey acted through its employees or agents who were acting within the scope of their employment or agency with Lipsey.

45. The actions and omissions of Defendant Dorin Braga set forth in the First Cause of Action herein were committed within the course and scope of his employment and/or agency with Defendant Lipsey.

46. As principal or employer of Defendants Hot Shot Expedite, Inc. and Werner, Defendant Lipsey is vicariously liable for the acts of Defendants Hot Shot Expedite, Inc. and Werner.

47. The actions and omissions of Defendants Hot Shot Expedite, Inc. and Werner set forth in the Third, Fourth, and Fifth Causes of Action herein were committed within the course and scope of Hot Shot Expedite, Inc. and Werner's employment and/or agency with Defendant Lipsey.

48. Defendant Lipsey also is vicariously liable for the collision as a motor carrier for the load, and statutory employer of Defendants Dorin Braga and Hot Shot Expedite, Inc. and Werner, under the FMCSRs.

**SEVENTH CAUSE OF ACTION**
*Negligence of Lipsey Logistics Worldwide, LLC.*

49. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

50. At all relevant times, Defendant Lipsey owed Sherry Lee, and the public at large, a duty to exercise ordinary care and act reasonably in arranging transportation on public roadways, in investigating the fitness of Hot Shot Expedite, Inc. prior to hiring the company to carry the load on public highways and not to hire or retain a trucking company that Lipsey knew or should have known posed a risk of harm to others and which was otherwise not competent or fit to operate CMVs on public roadways.

51. Defendant Hot Shot Expedite, Inc. was a new truck company that had its motor carrier authority involuntarily revoked in February 2019 and was only reinstated in April 2020, less than a year before this crash.

52. Defendant Hot Shot Expedite, Inc. hired an incompetent driver, Defendant Dorin Braga.

53. Defendant Hot Shot Expedite, Inc.'s inexperience and incompetence, and hiring and retention of an incompetent and unfit driver, were direct and proximate causes of this collision.

11

54. Defendant Lipsey, a sophisticated transportation services provider that is regularly engaged in the business of shipping, knew or should have known that Hot Shot Expedite, Inc. did not have a "satisfactory" safety rating, that Hot Shot Expedite, Inc. was an unrated motor carrier and as such, the reasonably safe course of action for Lipsey would have been to conduct further investigation and otherwise exercise due caution with respect to Hot Shot Expedite, Inc., which was unfit to operate safely and provide competent transportation.

55. Defendant Lipsey negligently and recklessly breached each of these duties, which it owed to the motoring public, including Sherry Lee, by failing to exercise due care in arranging the transportation for the load, by hiring and/or retaining Hot Shot Expedite, Inc. when Lipsey either knew or should have known that Hot Shot Expedite, Inc. posed a risk of harm to others and was otherwise incompetent and unfit to perform the duties of an interstate motor carrier, or intentionally chose not to know.

56. Defendant Lipsey's negligence was the direct and proximate cause of the injuries of Sherry Lee, and the damages described in this Complaint.

57. Defendant Lipsey's actions demonstrate a conscious disregard for the rights and safety of Sherry Lee and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Lipsey.

**EIGHTH CAUSE OF ACTION**
*Vicarious Liability of Target Corporation*

58. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

59. The negligent and reckless actions and omissions of Defendants Dorin Braga, Hot Shot Expedite, Inc., Werner, and Lipsey, set forth in the Causes of Action above, were committed within the course and scope of their respective employment or agency with Defendant Target.

60. On information and belief, Defendant Target directed and controlled or had the legal right or power to direct and control Defendants Dorin Braga, Hot Shot Expedite, Inc., Werner, and Lipsey with respect to this Load.

61. On information and belief, Defendant Target had the right to control the manner of work performed, the right to discharge, the method of payment and the level of skill involved, among other things, with respect to Defendants Dorin Braga, Hot Shot Expedite, Inc., Werner, and Lipsey and the transportation of this Load.

62. As employer or principal of Defendants Dorin Braga, Hot Shot Expedite, Inc., Werner, and Lipsey, Defendant Target is vicariously liable for the acts of Defendants Hot Shot Expedite, Inc. and Werner.

63. Defendant Sunshine Mills also is vicariously liable for the collision as a motor carrier and statutory employer of the Load under the Federal Motor Carrier Safety Regulations.

### NINTH CAUSE OF ACTION
*Negligence of Target.*

64. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

13

65. At all relevant times, Defendant Target owed Sherry Lee, and the public at large, a duty to exercise ordinary care and act reasonably in arranging transportation on public roadways for the load at issue; by failing to ensure the load was being shipped by a safe and competent motor carrier.

66. Defendant Target negligently and recklessly breached its duty, which it owed to the motoring public, including Sherry Lee, by failing to exercise due care in arranging the transportation for the load, by failing to ensure the load was being shipped by a safe and competent motor carrier.

67. Defendant Target's negligence was the direct and proximate cause of the injuries of Sherry Lee, and the damages described in this Complaint.

## TENTH CAUSE OF ACTION

68. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

69. Plaintiff David Lee is the husband of Plaintiff Sherry Lee. As a result of injuries to his wife, Plaintiff David Lee has lost the services and consortium of his wife in the past and will suffer further loss of services and consortium in the future. Plaintiff David Lee has provided services to Plaintiff Sherry Lee.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against all Defendants, in an amount that is just and fair and in excess of seventy-five thousand dollars, exclusive of costs and interest, in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

/s/ Michael Jay Leizerman

               Michael Jay Leizerman
               Joshua M Leizerman
               Jennifer N. Brown
               *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all triable issues.

                                                /s/ Michael Jay Leizerman
                                                Michael Jay Leizerman
                                                Joshua M Leizerman
                                                Jennifer N. Brown
                                                *Attorneys for Plaintiff*