IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SHERRY R. LEE, et al.,**                 CASE NO. 3:22 CV 91

    Plaintiffs,

    v.                                              JUDGE JAMES R. KNEPP II

**WERNER ENTERPRISES, INC., et al.,**

    Defendants.                      **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiffs Sherry Lee and David Lee bring negligence, vicarious liability, and loss of consortium claims in this personal injury case arising out of a truck crash against Defendants Dorin Braga (the truck driver), Hot Shot Expedite, Inc. (Braga's employer and owner of the truck) ("Hot Shot"), Werner Enterprises, Inc. (the owner of the truck's trailer) ("Werner"), Target Corporation (shipper of the goods carried on the truck) ("Target"), and Lipsey Logistics Worldwide, LLC (the shipping broker which arranged the goods' transport) ("Lipsey"). (Doc. 11). Currently pending before the Court are Defendant Lipsey's Motion to Dismiss (Doc. 25), Defendant Target's Motion to Dismiss (Doc. 26), and Plaintiffs' Motion to Strike (Doc. 34). All are fully briefed and ripe for decision. Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons set forth below, the Court denies the Motion to Strike and grants both Motions to Dismiss.

### BACKGROUND

This case stems from an auto accident in Paulding County, Ohio, on February 11, 2021. (Doc. 11, at 1-2). Plaintiff Sherry Lee alleges a semi-truck driven by Defendant Dorin Braga rear-ended her car as she slowed down to turn. *Id.* As she prepared to make a right turn, the truck failed

to slow down and yield. *Id.* at 4. After the impact, Sherry Lee's car veered off the north side of the roadway, struck a sign, overturned, and came to rest on its right side. *Id.* As a result of the accident, Sherry Lee is paralyzed from the waist down and is now a paraplegic. *Id.* at 2. Her injuries included a spinal cord lesion "resulting in complete loss of sensory and motor function below [the lesion]," pelvic fractures, rib fractures, vertebral fractures, a subdural hemorrhage, and a spleen laceration. *Id.* at 5. Plaintiff alleges Hot Shot, owner of the truck and Braga's employer, "had its motor carrier authority involuntarily revoked in February 2020 and was only reinstated in April 2020, less than a year before this crash." *Id.* at 11.

Plaintiffs assert driver Braga was negligent in injuring Plaintiff Sherry Lee; that employer and truck owner Hot Shot, trailer owner Werner, shipper Target, and shipping broker Lipsey were negligent in their hiring; and Hot Shot, Werner, Target, and Lipsey are vicariously liable for Braga's negligence. *See* Doc. 11. Plaintiff David Lee is Sherry Lee's husband; he brings a loss of consortium claim. *Id.* at 14. Plaintiffs seek compensatory and punitive damages. *Id.*

### STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to Plaintiffs, accepts all factual allegations as true, and determines whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### DISCUSSION

Plaintiffs bring negligence claims against all Defendants and vicarious liability claims against all Defendants except Braga. (Doc. 11). Defendants Braga and Hot Shot filed an Answer to the Amended Complaint. (Doc. 12).[1]

Defendants Lipsey and Target each filed a Motion to Dismiss. (Doc. 25; Doc. 26). Plaintiffs filed a Motion to Strike part of Defendant Lipsey's reply brief. (Doc. 34). The Court first considers the Motion to Strike and then the Motions to Dismiss.

<u>Motion to Strike</u>

Plaintiffs move to strike Section C of Defendant Lipsey's reply brief "because it raises a new issue." (Doc. 34, at 1). Plaintiffs argue this section of the brief improperly raises the argument "that Plaintiffs failed to allege sufficient facts for the vicarious liability claim" for the first time. *Id.* at 2. Plaintiffs state Lipsey "does not even mention the term 'vicarious'" in its original motion. *Id.* Plaintiffs argue a requirement from the Court for a sur-reply from Plaintiffs on the new issue "would just further delay this case," and they contend the new argument should be stricken. *Id.* at 3. This is necessary, Plaintiffs say, because a reply brief should "not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)).

---

1. Defendant Werner filed a Motion to Dismiss (Doc. 43), and Plaintiffs voluntarily dismissed Werner from the case under Rule 41(a)(1) (Doc. 46).

3

Plaintiffs fail to mention they initially raised the issue, not Lipsey. Section IV of Plaintiffs' opposition brief to Lipsey's motion to dismiss is titled "The FAAAA Does Not Preempt The Vicarious Liability Claim Against Lipsey." (Doc. 31, at 19). Plaintiffs begin the section by writing:

> Defendant Lipsey does not argue that the FAAAA preempts the Plaintiffs' vicarious liability claim. But because Lipsey requests dismissal of "Plaintiffs' claims," rather than a singular claim or Plaintiffs' negligent hiring claim, out of an abundance of caution, this memorandum briefly addresses the issue.

*Id.* Lipsey addressed section on vicarious liability in response to Plaintiffs' argument. Courts "will generally not hear issues raised for the first time in a reply brief." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). "Court decisions have made it clear that [a litigant] cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in [the opposing party]'s brief." *Id.* (quoting *United States v. Jerkins*, 871 F.2d 598, 601 n.3 (6th Cir. 1989). A defendant does not err by responding in reply an argument raised by a plaintiff in a prior brief; "reply briefs *reply* to arguments made in the response brief". *Scottsdale Ins. Co.*, 513 F.3d at 553 (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (emphasis in original); *see also* 16 C. Wright, A. Miller, E. Cooper, & E. Grossman, *Fed. Prac. & Proc.* § 3974 at 428 (1977).

Because Lipsey did not raise a new issue on reply, but rather responded to an argument in Plaintiffs' opposition brief, Plaintiffs' Motion to Strike is denied.

<u>Motions to Dismiss</u>

The Court next turns to the Motions to Dismiss. Both Lipsey and Target argue they are entitled to dismissal of all claims.

Plaintiffs bring against Lipsey a negligence claim for "failing to exercise due care in arranging the transportation for the load, by hiring and/or retaining Hot Shot Expedite, Inc.[,] when Lipsey either knew or should have known that Hot Shot Expedite, Inc.[,] posed a risk of harm to

4

others and was otherwise incompetent and unfit to perform the duties of an interstate motor carrier, or intentionally chose not to know" and a vicarious liability claim for "actions and omissions of Defendant Dorin Braga . . . committed within the course and scope of his employment and/or agency with Defendant Lipsey" and "the acts of Defendants Hot Shot Expedite, Inc.[,] and Werner" as "principal or employer". (Doc. 11, at 10-11).

Plaintiffs bring nearly identical claims against Target: a negligence claim for "breach[ing] its duty, which it owed to the motoring public, including Sherry Lee, by failing to exercise due care in arranging the transportation for the load, by failing to ensure the load was being shipped by a safe and competent motor carrier" and a vicarious liability claim for "[t]he negligent and reckless actions and omissions of Defendants Dorin Braga, Hot Shot Expedite, Inc., Werner, and Lipsey . . . committed within the course and scope of their respective employment or agency with Defendant Target." *Id.* at 13-14.

Defendants Lipsey and Target each argue they are shielded from Plaintiffs' claims by the preemption provision of the Federal Aviation Authorization Administration Act ("FAAAA"). (Doc. 25, at 1; Doc. 26, at 1). Plaintiffs contend their claims are not preempted by the FAAAA, or in the alternative, the claims fall within the "safety exception" of the preemption provision. (Doc. 30, at 2; Doc. 31, at 10).

*FAAAA Preemption Provision*

The FAAAA preemption provision reads as follows:

**(c) Motor carriers of property. –**
**(1) General rule.** –Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. §14501(c)(1).[2]

The Supreme Court made four holdings regarding interpretation of an identical preemption provision in the Airline Deregulation Act of 1978:

> (1) that state enforcement actions having a connection with, or reference to, carrier rates, routes, or services are pre-empted;
>
> (2) that such pre-emption may occur even if a state law's effect on rates, routes, or services is only indirect;
>
> (3) that, in respect to pre-emption, it makes no difference whether a state law is consistent or inconsistent with federal regulation; and
>
> (4) that pre-emption occurs at least where state laws have a significant impact related to Congress' deregulatory and pre-emption-related objectives.

*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384-87 (1992) (cleaned up).

Several years later, the Supreme Court held the same rulings apply to the preemption provision of the FAAAA:

> In *Morales*, this Court interpreted the pre-emption provision in the Airline Deregulation Act of 1978. And we follow *Morales* in interpreting similar language in the 1994 Act before us here. We have said that "when judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its judicial interpretations as well."

*Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008).

There is no binding law on this Court holding whether personal injury tort claims against shippers and brokers are preempted under the FAAAA as interpreted by *Rowe* and *Morales*. Plaintiffs argue the parallel preemption provision of the Airline Deregulation Act does not preempt

---

1. Brokers are expressly included in this provision. Shippers are not. Plaintiffs argue this supports a conclusion that shipper Target is not covered by the law. (Doc. 30, at 2). The Supreme Court in *Rowe* considered shippers to be included as well. *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 372 (2008). This Court accordingly interprets the FAAAA preemption provision as applicable to both shippers and brokers.

personal injury claims. (Doc. 31, at 15). Contrary to Plaintiffs' characterization of the case law, the decision they cite for this proposition notes only that one of the parties "does not urge that the ADA preempts personal injury claims relating to airline operations." *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 231 n.7 (1995). The Supreme Court did not make a holding on the issue in *Wolens*. In a later case, however, the Supreme Court expressly ruled the Airline Deregulation Act's preemption provision applies to state common law claims, which have "the force and effect of law." *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281-82 (2014). This Court finds the holding in *Northwest* supports a reading of the FAAAA preemption section as applicable to Plaintiffs' claims.

Plaintiffs next argue their claims are not sufficiently "related to a price, route, or service" as required by the preemption provision. *See* Doc. 31, at 16. "The phrase 'related to[]' . . . embraces state laws having a connection with or reference to carrier rates, routes, or services, whether directly or indirectly . . . At the same time, the breadth of the words 'related to' does not mean the sky is the limit." *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013).

The relation need not be explicit or direct; the preemption provision is to be read broadly. *Rowe*, 552 U.S. at 370. Plaintiffs' claims against Lipsey stem entirely from Lipsey's "arranging the transportation for the load" and "hiring and/or retaining" of the other Defendants. (Doc. 11, at 11). Plaintiffs' claims against Target similarly stem entirely from Target's alleged negligence in "arranging the transportation for the load" and Target's employment or agency relationships with other Defendants. *Id.* at 14. In short, Plaintiffs' claims arise from these Defendants' services.

Another Judge of this Court previously held – in a truck crash case – that negligence claims brought against a shipper and broker "fall[] squarely within the preemption of the FAAAA." *Creagan v. Wal-Mart Trans., LLC*, 354 F. Supp. 3d 808, 813 (N.D. Ohio 2018). This Court agrees

7

with and adopts the reasoning in *Creagan*. All of Plaintiffs' tort claims are included within the scope of the FAAAA preemption provision.

*Safety Exception*

Plaintiffs next argue that even if their claims against Lipsey and Target are encompassed by the preemption provision, they fall within an exception thereto. The FAAAA exempts from preemption:

> the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization[.]

49 U.S.C. §14501(c)(2)(A).

Plaintiffs argue this Court should follow the example of the Ninth Circuit in finding the safety exception protects the claims from dismissal. The Ninth Circuit held the language "safety regulatory authority of a State" includes common law tort claims and allows such claims to go forward. *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1025-26 (9th Cir. 2020). The Ninth Circuit held "the phrase 'with respect to' in the safety exception is synonymous with 'relating to.' Consequently, the FAAAA's safety exception exempts from preemption safety regulations that 'have a connection with' motor vehicles," and while a tort claim does not directly regulate motor vehicles, it promotes safety on the road and is thus a safety regulation. *Id.* at 1030 (internal quotations and citations omitted).

This Court is not convinced. The plain meaning of the words "safety regulatory authority of a State" does not support the inclusion of private tort claims. *See United States ex rel. Felten v. William Beaumont Hosp.*, 993 F.3d 428, 431 (6th Cir. 2021) (courts "usually interpret a statute according to its plain meaning"). Additionally, if the safety exception preserved all claims related

8

to motor vehicles, as urged by Plaintiffs and *Miller*, "all preempted claims would then be 'saved' by the exception." *Creagan*, 354 F. Supp. 3d at 814. This would make the entirety of the preemption provision redundant. Rather, this Court finds "it cannot ignore the straightforward preemption analysis as laid out by the Supreme Court, and finds instructive the analysis in *Rowe*." *Volkova v. C.H. Robinson Co.*, 2018 WL 741441, at *4 (N.D. Ill.). To the eye of this Court, the FAAAA's preemption provision protects precisely parties such as the shipper and broker, who did not have direct involvement in the accident that injured Plaintiffs. "Contrary to Plaintiff[s'] argument that a finding of preemption leaves her without a remedy, [they] may and [have] sought recourse against the carrier . . . and [the] driver". *Id.* This Court therefore finds Plaintiffs' claims are not encompassed by the safety exception.

Because the Court finds Plaintiffs' claims against shipper Target and broker Lipsey are preempted by the FAAAA and not protected by the safety exception, the claims must be dismissed.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion to Strike (Doc. 34), be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendant Lipsey Logistics Worldwide, LLC's Motion to Dismiss (Doc. 25), be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant Target Corporation's Motion to Dismiss (Doc. 26), be and the same hereby is, GRANTED.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE